**THE CHAMPION PAPER AND FIBRE CO., Appellant, v. GLAN-
DER, Appellee.**

Board of Tax Appeals.

No. 11605. January 23, 1947.

## ENTRY

This cause and matter came on to be heard and considered by the Board of Tax Appeals upon an appeal filed herein under date of May 1, 1946, by the appellant above named, an Ohio corporation, from a final order of the tax commissioner under date of April 2, 1946, denying an application for review and correction theretofore filed by appellant from and with respect to a corporation franchise tax certification made by the tax commissioner. The case was heard by the Board of Tax Appeals upon said appeal, upon a transcript of the proceedings of the tax commissioner relating to said franchise tax assessment and certification, upon the evidence offered and introduced by the appellant on a hearing of the case before one of the members of the Board of Tax Appeals, and upon the briefs of counsel.

Upon consideration of the case as thus submitted, the Board of Tax Appeals finds that on or about the 31st day of March, 1945, the appellant, an Ohio corporation engaged in the manufacture of paper and pulp in this State and elsewhere, filed with the Department of Taxation of the State of Ohio its annual corporation franchise tax report for the tax year 1945; which tax report set out the property owned and business done by the corporation during its preceding fiscal year ending April 30, 1944. In and by this report the corporation returned the book value of all assets owned and used in Ohio in the sum of $28,355,859, and the book value of all assets owned and used outside of Ohio in the sum of $24,849,690, and the total book value of all of its assets in the sum of $53,205,-549. And by this report the appellant set out the total value of its issued and outstanding capital stock in the amount and value of $32,949,878. With said tax report and as a part of the same, the appellant filed a claim for deduction of certain items of valuation in and by the amount of which the appellant claimed the book value of its assets exceeded the fair value thereof.

The tax commissioner, on audit of the corporation's tax report, added to the amount of the company's Ohio assets, as

reported by it, the sum of $18,962 representing miscellaneous corporate stocks owned by the company, and the sum of $19,-414 representing the amount of the tax commissioner's disallowance of a reserve set up by the company with respect to certain accounts receivable and investments owned by the company. Against the amount of the Ohio assets of the company thus obtained, the tax commissioner allowed as claims against the book value of the company's Ohio assets the sum of $1,369,177 included in the claim for deduction filed by the company with its tax report; and in this manner the tax commissioner determined the fair value of the Ohio assets of the company to be the sum of $27,025,058. The tax commissioner likewise made certain additions to and deductions from the total book value of all of the assets of the company, as shown by its tax report, and thereby determined the fair value of all of the assets of the company, wherever owned and held, in the sum of $51,833,786.

In the manner above indicated the tax commissioner determined the property fraction provided for by §5498 GC, and applying the same, together with the business fraction likewise computed by him, as provided by this section of the General Code (as to which business fraction no question is made in this case), the tax commissioner determined the taxable valuation of the issued and outstanding shares of stock of the company represented by the property owned and business done in this State in the sum of $16,106,782; upon which the corporation franchise tax extended at the rate provided for in §5499 GC, was and is the sum of $16,106,78.

No complaint is made by appellant in its appeal herein or otherwise with respect to the above noted additions and deductions made by the tax commissioner in determining the fair value of the Ohio assets of this company for said tax year. However, the appellant in its claim for deduction filed with its annual franchise tax report for said year, set out therein, besides the particular items upon which it claimed deductions as to valuations, a claim with respect to certain United States tax notes, so-called, in the amount of $4,101,777, which the appellant had included in the book value of its Ohio assets in its said tax report. As to this the claim of appellant was and is that these notes should not be included as assets of the corporation in determining the corporation franchise tax liability of the company for said tax year, and this for the stated reason that these notes did not represent an asset of the corporation, but were, in effect, a prepayment of the company's Federal income tax and excess profits tax liability. This claim so made by the appellant was denied by the tax commissioner;

and the action of the tax commissioner in this respect is included as one of the assignments of error in this appeal. From the evidence in this case, as corrected by the witness for appellant, who testified on this point, the notes above referred to, which the company owned and held at the end of its preceding fiscal year on April 30, 1944, were United States Treasury Notes, Tax Series C of the amount and value of $4,101,777, as above stated. In this connection it is noted that in 6A, F C A Title 26, Sec. 3657 it is provided:

"Collectors may receive, at par with an adjustment for accrued interest, notes or certificates of indebtedness issued by the United States in payment of income, war profits and excess profits taxes, and any other taxes payable other than by stamp, during such time and under such rules and regulations as the Commissioner, with the approval of the Secretary, shall prescribe."

Although these United States Treasury Notes in the amount above stated were acquired by the appellant company sometime prior to April 30, 1944, for the purpose of using the same in the payment of its Federal income and excess profits tax liability, as authorized by the section of the Federal Code above noted, these notes provide that if they are not presented in payment of taxes, they will be paid at maturity, or, at the option of the owner, will be redeemed for cash during and after the sixth calendar month following the month of issue, on thirty days advance notice, at par and accrued interest to the month of payment. In this view these notes had the character of investments and of assets of the company. And although, as obligations of the United States, these notes were not subject to ad valorem property taxes, they were properly included as a part of the assets of the company in determining its corporation franchise tax liability under the provisions of §5495, et seq., GC. See Home Insurance Company v New York, 134 U. S. 594.

In this connection it is noted that the appellant, in its claim for deduction filed with and as a part of its tax report for said tax year and thereafter in its application for review and correction and in its appeal filed herein, makes a further claim in the alternative that if these tax notes, so-called, cannot legally be deducted from the assets of the corporation in the determination of its corporation franchise tax liability for said year, only such proportion of the amount and value of such tax notes should be allocated to Ohio and as a part of the Ohio assets of the company as is represented by the percen-

tage of the net income of the company during the fiscal year ending April 30, 1944, and upon which Federal taxes accrued, which was earned in Ohio, as distinguished from that part of its net income which was earned in other states in which it had its plant operations. And as to this it appears from the evidence that 17.44% of the company's total net income for said fiscal year was earned in Ohio, while the balance of the total net income of the company for said fiscal year was earned from operations of the company in the States of North Carolina and Texas. We are not advised as to any principle of law upon which the tax commissioner was authorized to make the allocation requested by the appellant. And inasmuch as the appellant is an Ohio coroporation the tax commissioner consistently, with the applicable provisions of §5328-1 and 5328-2 GC, was required to allocate said notes in the full amount and value thereof, as above stated, to the State of Ohio and as a part of the Ohio assets of the company, as set out in its tax report for said tax year. And in this respect the Board finds that the tax commissioner did not err.

It further appears that included in the Ohio assets, as set out by the company in its corporation franchise tax report for said tax year, was cash in the amount of $7,000,467 which the company on April 30, 1944, had on deposit in certain banks in Ohio, and New York. A part of those funds was moneys left over in its mortgage bond fund after retirement of certain obligations against such fund. A part of such moneys was obtained by the company by the sale of preferred stock; while the balance of such funds was represented by accumulated earnings of the company. All of this money in the amount of $7,000,467 was held on deposit by the company in such banks for the determined purpose of plant expansions and improvements in the several states in which its plants were located. In this connection the appellant claims that of this total amount of money only the sum of $686,000 was to be used for expansion and improvement purposes at its plant at Hamilton, Ohio, while the balance of said funds in varying and respective amounts was to be used in connection with the company's plants in other states; and the claim of the company in this connection was and is that of this total amount of money owned and held by it in banks at the end of its fiscal year on April 30, 1944, for the purposes above stated, only the sum of $686,000 should have been allocated to Ohio and as a part of the Ohio assets of the company for said tax year, and that the balance of said sum should be allocated out of this State.

This claim of the appellant as to the allocation of said sum of $7,000,467 was not set up by the company in its claim

for deduction filed with its tax report for said year; and if it could be said that a claim of this kind is within the purview of the claim for deduction provided for by §5498 GC, the tax commissioner was without jurisdiction to entertain this claim, which was made for the first time on appellant's application for review and correction. See **Willys-Overland Motors, Inc. v Evatt, 141 Oh St 402.** However, the Board entertains considerable doubt as to whether this claim—which relates solely to a question of allocation of the corporation's assets—, has any proper place in the claim for deduction provided for by §5498, GC; and in this view, this case will be determined on other considerations in the application of the law to the facts of the case.

This sum of $7,000,467, referred to above and in appellant's tax report as cash, was, of course, in the form of deposits, which deposits were in banks in the States of New York and Ohio; and the moneys represented by these deposits in the amount above stated were only a part of a larger sum of money which the comppany had on deposit in these banks. In none of these banks was there any segregation of bank accounts with respect to the particular sums of money which the company intended to expend in plant expansions and improvements in and with respect to the several manufacturing plants owned and operated by the company in Ohio and elsewhere. In this situation the Board of Tax Appeals is of the view that tested by the provisions of §5328-1 and 5328-2 GC, as the same have been construed in the decisions of the Supreme Court of this State in the cases of **C. F. Kettering, Inc. v Evatt, Tax Commr., 144 Oh St 419,** and **National Cash Register Company v Evatt, Tax Commr., 145 Oh St 597,** the deposits here in question represented general reserves or balances belonging to said corporation and maintained in said banks for the purpose of the entire business of the corporation wherever transacted and must, therefore, be considered as located in the State of Ohio as the domiciliary state for the purposes of taxation.

The Board finds, therefore, that the tax commissioner did not err in including the deposits here in question and the moneys represented thereby as a part of the Ohio assets of the corporation in determining its corporation franchise tax liability for said tax year. And upon the considerations above noted it is by the Board of Tax Appeals considered and ordered that the final order of the tax commissioner and the corporation franchise tax assessment complained of in this appeal be, and the same hereby is, affirmed.